OPINION OF THE COURT
Edward H. Lehner, J.
The issue raised on the motions of the respondents in these two proceedings to dismiss is whether the 30-day notices served pursuant to section Y51-3.0 (subd e, par 2, cl [i], subcl [10]) of the Administrative Code of the City of New York prior to April 1, 1984 to terminate the tenancy of rent-controlled tenants because of alleged nonprimary residence were premature and thus ineffective.
The above section, added by section 42 of chapter 403 of the Laws of 1983 effective April 1, 1984, provides that the following premises shall not be subject to rent control: “Housing accommodations not occupied by the tenant, not including subtenants or occupants, as his primary residence, as determined by a court of competent jurisdiction. No action or proceeding shall be commenced seeking to *999 recover possession on the ground that a housing accommodation is not occupied by the tenant as his primary residence unless the owner or lessor shall have given thirty days notice to the tenant of his intention to commence such action or proceeding on such grounds.”
The provision adds nothing new substantively. Since the adoption of chapter 373 of the Laws of 1971 premises not occupied as a tenant’s primary residence have been exempt from both rent control and rent stabilization. The change in the law grants to the judiciary sole jurisdiction to determine an issue previously decided in the first instance by the New York City Department of Housing Preservation and Development (HPD), and in addition requires the service of the 30-day notice, which is the subject of the present controversy.
Pursuant to said chapter 403, as of April 1,1984, administration of the New York City Rent and Rehabilitation Law (Administrative Code, ch 51, tit Y) was transferred from HPD to the State Division of Housing and Community Renewal (DHCR). Under city administration, a landlord could, pursuant to section 18 of the New York City Rent and Eviction Regulations (Regulations), apply to HPD for an order decontrolling premises allegedly not occupied by the tenant as his primary residence.
Petitioners maintain that in March, 1984, notwithstanding the fact that they still then had the right to make application to HPD for an administrative determination of nonprimary residence, they also had the right to serve the 30-day notice referred to in the section that did not become effective until April 1, arguing that such effective date only determined when the application had to be made to a court. The court disagrees.
The court had been informed that all applications filed with HPD under section 18 of the Regulations prior to March 31, 1984 for an order of decontrol based on nonprimary residence have been transferred to DHCR and are being possessed by that agency under the authority set forth in section 30 of chapter 403. Thus, the procedure available to petitioners prior to April 1 was to make such application. Having chosen not to do so, they may not now claim authority to serve a notice under a section not then *1000 effective, informing the tenant that an action will be brought to recover possession under a provision not then in effect. If the Legislature had wished to authorize service of the notice prior to the effective date of the section, it certainly could have done so. Since it did not, the court concludes that the 30-day notice may be served only after the effective date of the section by which it is required.
Accordingly, the motion to dismiss the petition in the case of Parkview Assoc. v Lalor is granted.
In the case of 54 Assoc. v Katz, the motion to dismiss is granted to the extent of dismissing that portion of the claim based on alleged nonprimary residence. The alternate claim for recovery (unlawful sublet) cannot be determined from the papers and the proceeding may go forward on that claim. The cross motion for discovery with respect to primary residence is denied as moot.