Pizzuto, J.
(dissenting). Pizzuto, J., dissents in the following memorandum and votes to reverse the judgment dismissing the petition and to direct a final judgment of possession in favor of landlord.
The section of the Administrative Code relied on by the majority for concluding that there was no statutory tenancy (Administrative Code of City of New York § Y51-3.0 [e] [2] [i] [10]), excludes from coverage of the New York City Rent and Rehabilitation Law those housing accommodations "not occupied by the tenant * * * as his primary residence, as determined by a court of competent jurisdiction” (emphasis supplied). (See comments, Parkview Assoc. v Lalor, 124 Misc 2d 998.) It specifically prescribes the manner in which a "nonprimary resident” tenancy may be terminated by summary proceeding. Thus, in light of its language, the tenancy remained subject to the protection of rent control until such time as a court of competent jurisdiction determined the "nonprimary residence” status. Therefore, the only notice required to be served is the 30-day notice of the intention to commence a summary proceeding on nonprimary residence grounds. Without any basis therefor, the majority has chosen to categorize the loss of statutory protection as the inception of a month-to-month tenancy requiring the service of a section 232-a notice. It is my view that the specific requirement of the Administrative Code supersedes the general section 232-a *787 requirements, if applicable (see, McKinney’s Cons Laws of NY, Book 1, Statutes § 397; 56 NY Jur, Statutes, § 86). In any event, the law should not be so construed as to promote meaningless activity and discourage the expeditious disposition of litigation.
Inasmuch as the record establishes that the required notice was served upon tenant and that tenant is not occupying the accommodations as his primary residence, I would reverse the judgment in favor of tenant and direct the entry of a final judgment of possession in favor of landlord.
Kassoff, J. P., and Williams, J., concur; Pizzuto, J., dissents in a separate memorandum.